CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JAN 24 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19CV5 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| JOSHUA MOON, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

Pro se litigant Melinda Scott has submitted an application to file a civil action without prepaying fees or costs. In her proposed action based on diversity jurisdiction, Scott brings claims of invasion of privacy and defamation against Joshua Moon, who operates an internet forum, and Brian Zaiger, who owns a "wiki."[1] While I will permit the filing of the action without prepayment of fees and costs, I will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Scott's allegations fail to state a claim on which relief may be granted, for the reasons discussed below.[2]

---

[1] A wiki is a website that users can collaboratively modify.

[2] This is Scott's second complaint arising from statements and images on these websites. I dismissed the first for failure to state a claim upon which relief may be granted. *Scott v. Carlson*, Case No. 2:18CV00047, 2018 WL 6537145, at *1 (W.D. Va. Dec. 12, 2018), Appeal docketed, No. 19-1011 (4th Cir. Jan. 3, 2019).

I.

Scott's Complaint alleges the following facts:

Joshua Moon owns Lolcow, LLC ("Lolcow"), a corporation that runs Kiwi Farms, an internet forum. Scott asserts that between March 2017 and December 2018, Lolcow and Moon published on Kiwi Farms articles and a video containing her name and photos of her. Neither Moon nor Lolcow asked for permission to use her name or photo, and Moon refused Scott's request that he remove them from Kiwi Farms. Scott also alleges that on March 14, 2017, Moon published on Kiwi Farms an article containing private facts about her upcoming marriage, her spouse's prior legal problems and incarceration, and a protective order she had obtained against a New York resident. She also alleges that Moon operates on Kiwi Farms under the user name "Null," and using this name, he published statements that Scott is "the dumbest person, possibly ever," "really fucking stupid," a "moron," a "slut whore," that she writes like she uses "crayola magic marker," and she has "ha[d] like a dozen husbands by age 30." Compl. ¶ c (xiii). Scott asserts that Moon uses the articles about her on Kiwi Farms to attract subscribers and followers to the forum, and he earns money from the forum's operations.

Brian Zaiger owns Encyclopedia Dramatica, a website that its users can collaboratively modify. Scott alleges that on July 13, 2017, Zaiger published on

Encyclopedia Dramatica an article containing her name and photo. Zaiger did not have Scott's permission to use her name and photo, and when she requested that he remove them from Encyclopedia Dramatica, he denied being affiliated with the website. Scott asserts that Zaiger used her name and photo for personal gain because Encyclopedia Dramatica makes money from advertising and donations. In the same article, Zaiger also published false statements that Scott had committed sexual acts with a former landlord; performed sexual acts "for rent;" has "four baby daddies;" is "a former prostitute," and "a horney jewess" "with loose morals," and "incestuous" Compl. ¶ g (xix)–(xx).

Scott states that both Moon and Zaiger's publications have caused her substantial emotional distress. She also alleges that they have harmed her reputation, and in support she states that other users on Kiwi Farms have echoed the statements Moon allegedly published. Scott also states that her neighbors have criticized her because of the information on Kiwi Farms and Encyclopedia Dramatica, calling her a "Hebrew pagan" and her spouse a "Pedophile." Compl. ¶ o (xxxii)–(xxxiii).

Scott's Complaint asserts claims of appropriation of name and likeness, publication of private facts, and defamation against Moon. It also asserts claims of appropriation of name and likeness, false light publication, publication of private

facts, and defamation against Zaiger. Scott seeks an injunction ordering the removal of the content described above and monetary damages.

II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a complaint, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A document filed pro se is to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but the "court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them,'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Scott's allegations against both Moon and Zaiger require consideration of the federal Communications Decency Act ("CDA"). The CDA bars actions "under any State or local law that is inconsistent with the terms of § 230," which prohibits

holding providers of interactive computer services[3] responsible as the publishers or speakers of any information that was created or developed by other information content providers.[4] *Nemet Chevrolet, Ltd*, 591 F.3d at 254 (internal quotation marks and citation omitted). Thus, the CDA establishes "a general rule that providers of interactive computer services are liable only for speech that is properly attributable to them." *Id.* They may not be held liable for merely enabling information created or developed by others to be posted online. *Id.*

Both Kiwi Farms, an internet forum, and Encyclopedia Dramatica, a wiki, are interactive computer services. Moon and Zaiger, as their owners, are providers of interactive computer services. *See Klayman v. Zuckerberg*, 753 F.3d 1354, 1357–58 (D.C. Cir. 2014) (finding that Mark Zuckerberg, as the founder of Facebook, Inc., is a provider of an interactive computer service). Thus, Moon and Zaiger can only be held liable for the speech on Kiwi Farms and Encyclopedia Dramatica that is properly attributable to them.

Almost all of Scott's allegations against Moon and Zaiger fail to state facts sufficient to attribute the content at issue to them. Although Scott asserts that

---

[3] An interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2).

[4] An information content provider is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

Moon and Zaiger published the statements, this merely recites an element of the cause of action without further factual support. *See Nemet Chevrolet, Ltd*, 591 F.3d at 258 (finding allegations that the interactive computer service "revis[ed]" and "redraft[ed]" content threadbare and conclusory and insufficient to attribute the content to it). Except for her allegation of defamation against Moon, Scott does not provide any evidence making it plausible that Moon and Zaiger created the content at issue themselves, and thus they cannot be held liable for it. Accordingly, I find that Scott's allegations of appropriation of name and likeness and publication of private facts against Moon, and appropriation of name and likeness, false light publication, publication of private facts, and defamation against Zaiger, fail to state claims upon which relief may be granted.

However, I find that Scott's assertion that Moon published on Kiwi Farms allegedly defamatory statements contains additional factual support sufficient to attribute the content at issue to him at this stage. Scott alleges that Moon posts content on Kiwi Farms under the username "Null," and Moon has confirmed that his username is "Null." She alleges that Null posted the allegedly defamatory statements on Kiwi Farms. I find that these allegations make it plausible that Moon created these statements himself, and thus Moon may be held liable for them. Accordingly, I turn to whether Scott's Complaint states a claim with respect to Moon's allegedly defamatory statements.

To be actionable as defamation, a statement must be one of fact rather than opinion. *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 56 (Fla. Dist. Ct. App. 1981).[5] Likewise, statements of rhetorical hyperbole are not actionable as defamation. *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378–79 (S.D. Fla. 2006). Loose, figurative, or hyperbolic language is rhetorical hyperbole. *Id.* at 1378. "Although rhetorically hyperbolic statements may at first blush appear to be factual, they cannot reasonably be interpreted as stating actual facts about their target." *Id.* at 1378–79 (internal quotation marks and citation omitted). Determining whether a statement is one of fact or of opinion or rhetorical hyperbole is a question of law and thus is made by the court rather than a jury. *From*, 400 So. 2d at 56.

Moon's allegedly defamatory statements — that Scott is "the dumbest person, possibly ever," "really fucking stupid," a "moron," a "slut whore," that she writes like she uses "crayola magic marker," and she has "ha[d] like a dozen husbands by age 30" — are rhetorical hyperbole rather than assertions of fact. Compl. ¶ c (xiii). All of these statements are loose, hyperbolic, and based in

---

[5] In this diversity action, Virginia's choice-of-law rules govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In tort actions, Virginia applies the law of the place of the wrong, *McMillan v. McMillan*, 253 S.E.2d 662, 663 (Va. 1979), which is the place of publication in defamation actions, *see Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005) (applying Virginia law after determining that the statements at issue were published on a website controlled from a location in Virginia). Here, Scott alleges that Moon published the statements at issue on a website that he controls from Florida. Accordingly, Florida law applies to Scott's claims against Moon.

opinion. Thus, though they may be insulting and offensive, they are not actionable as defamation. Accordingly, Scott's allegation of defamation against Moon fails to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I will allow the filing of the action without prepayment of fees and costs, but I will dismiss the Complaint. A separate Order will be entered forthwith.[6]

DATED: January 24, 2019

United States District Judge

---

[6] In addition, there is a question in this case as to whether the court has personal jurisdiction over the out-of-state defendants. *See Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) (requiring for personal jurisdiction over out-of-state internet publisher the showing of an intent to target and focus on in-state readers).